955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward KING, Defendant-Appellant.
 No. 90-5111.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 3, 1992.
Decided Feb. 18, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-90-268-HM)
 Howard A. Miliman, Brian Brown, D'Alesandro, Miliman & Yerman, Baltimore, Md., for appellant.
 Richard D. Bennett, United States Attorney, Andrew C. White, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Edward King was convicted on his guilty plea of two counts of bank robbery, 18 U.S.C. § 2113(a) (1988), and was sentenced as a career offender to 210 months imprisonment and three years supervised release on each count, to run concurrently. He appealed, and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Finding no error, we affirm.
 
 
 2
 In his brief on appeal, King's attorney suggests that in determining that King was a career offender pursuant to the Guidelines, the court may have violated constitutional prohibitions against ex post facto laws. All of the crimes which the court used to determine King's status as a career offender were committed prior to the effective date of the Guidelines.
 
 
 3
 This argument lacks merit. King is not now being punished for conduct prior to the effective date of the Guidelines, but for 1990 bank robberies. See Gryger v. Burke, 334 U.S. 728 (1948). King has not been given a sentence greater than that prescribed by law in effect at the time he committed the crimes for which he was sentenced. See United States v. Bucaro, 898 F.2d 368, 371 (3d Cir.1990) (no basis for ex post facto challenge to Guideline which increased penalty by factoring in prior juvenile offenses committed prior to effective date of Guidelines).
 
 
 4
 King's attorney raised no other issues, and King did not file a supplemental brief, though this Court informed him of his right to do so. In accordance with Anders, we have independently examined the entire record in this case and find no other meritorious issues for appeal.*
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Counsel in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, this Court requires that counsel inform his client in writing of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 We deny King's motion to appoint new counsel on appeal